IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLAUDIA M. MORA et al. | * |
| Plaintiffs, | * |
| v. | * Civil Action No. PX 16-960 |
| LANCET INDEMNITY RISK RETENTION GROUP, INC., | * |
| Defendant. | * |

******

**MEMORANDUM OPINION and ORDER**

Pending is a motion for leave to file a second amended complaint filed by Plaintiffs Claudia Mora, Juan C. Castillo, and the minor plaintiffs (ECF No. 93). The issues have been fully briefed and a telephonic hearing was held on Friday, July 7, 2017. For the following reasons, the motion is denied as moot.

On April 1, 2016, Plaintiffs filed an amended complaint requesting a judgment declaring, *inter alia*, that Defendant Lancet Risk Retention Group, Inc. ("Lancet") is required to pay all money damages that its insureds become legally obligated to pay in the event a judgment is rendered against them in the underlying malpractice case pending before the Montgomery County Circuit Court, *Mora v. Advanced Walk-In Urgent Care*, No. 407276-V (Montgomery Cnty. Cir. Ct. filed July 24, 2015). ECF No. 6 at 8–9. On August 16, 2016, the County Circuit Court entered a judgment against Lancet's insureds in the amount of $1,282,048.50. Plaintiffs have, therefore, moved to file a second amended complaint to specify that the relief they request includes the entry of a monetary judgment up to the insured's policy limit of $1,000,000 plus post-judgment interest of $118,722.50. *See* ECF No. 93-3 at 9.

1

At the telephonic hearing on July 7th, the parties agreed that Plaintiffs' failure to request monetary relief in their first amended complaint does not preclude Plaintiffs from recovering damages in the event that Plaintiffs prevail on the merits. The Declaratory Judgment Act and Rule 54(c) of the Federal Rules of Civil Procedure allow the Court to grant monetary relief even if no such request is made in the complaint. Specifically, the Declaratory Judgment Act permits the court to grant "further necessary or proper relief based on a declaratory judgement," including monetary damages. 28 U.S.C. § 2202; *see also Insurance Services of Beaufort, Inc. v. Aetna Casualty and Surety Co.*, 966 F.2d 847, 851–52 (4th Cir. 1992); *Alexander & Alexander, Inc. v. Van Impe*, 787 F.2d 163, 166 (3rd Cir. 1986). Similarly, Rule 54(c) provides that a trial court "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in its pleadings." Thus, the Plaintiffs' proposed amendment has no practical effect on Plaintiffs' case or potential for relief.

The Court is mindful that Defendant nonetheless maintains other legal challenges to the Plaintiff's claimed damages. However, the parties agreed during the telephonic hearing that discussion of damages is premature unless and until the Court renders a judgment on liability. Accordingly, it is this 10th day of July, 2017, hereby ORDERED that the Motion for Leave to File a Second Amended Complaint (ECF No. 93) BE, and the same hereby IS, DENIED AS MOOT.

/S/
PAULA XINIS
United States District Judge