IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLAUDIA M. MORA, *et al.*, | * |
| Plaintiffs, | * |
| v. | Civil Action No. PX-16-960 |
| LANCET INDEMNITY RISK RETENTION GROUP, INC., | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Pending before the Court in this declaratory judgment action is whether relief in this case should include that Defendant Lancet Indemnity Risk Retention Group, Inc. ("Lancet") must satisfy the judgment entered against its Insureds in the underlying state-court action that was the subject of this Court's prior merits decision. *See* ECF No. 113. For the following reasons, the Court declares that Lancet is obligated to pay $996,840.50, plus post-judgment interest on the entire outstanding state-court judgment[1] until Lancet tenders payment as required by its policy.

**I.      Background**

This case has been the subject of several prior opinions, so the Court will summarize only those facts necessary for resolving this current and final dispute. After the conclusion of a two-day bench trial in July 2017, the Court declared that Lancet's insurance policy issued to Dr. Ishtiaq A. Malik, Advanced Walk-In Urgent Care, LLC, and Union Multi-Care Medical Center,

---

[1]      The total judgment entered in the state-court action is $2,564,097. ECF No. 75-4 at 30; ECF No. 123-1 at 2. However, as Plaintiffs noted during this Court's recorded conference on April 16, 2018, Plaintiffs' settlement with Dr. Richard Osei Akoto reduces the judgment by 50% to $1,282,048.50 against Lancet's Insureds, Dr. Ishtiaq A. Malik, Advanced Walk-In Urgent Care, LLC, and Union Multi-Care Medical Center, Inc. *See* ECF No. 78-1 at 12, ECF No. 93-4 at 4.

1

Inc. (collectively, the "Insureds"), covers the state-court medical malpractice action that Plaintiffs initiated in Circuit Court against the Insureds. *See* ECF No. 113 at 2, 19; ECF No. 114. The Court left open the issue of monetary relief and requested additional briefing from the parties. *See* ECF No. 114. This issue now is ripe for consideration.

**II.     Discussion**

Plaintiffs request that the Court's declaratory judgment include that Lancet must satisfy the state-court judgment in the amount of $996,840.50, representing the $1 million limit of liability under the operative policy less the costs incurred by Lancet in defending the underlying state-court lawsuit. Plaintiffs also request post-judgment interest on the entire $1,282,048.50 judgment against the Insureds at 10% per annum[2] calculated from August 17, 2016, through the date that Lancet "pays, offers to pay, or deposits into Court" $996,840.50. ECF No. 123 at 4.

Lancet urges that this Court deny Plaintiffs' request for three reasons. First, Lancet maintains that Plaintiffs' damages claim in the federal declaratory judgment action is "defective" and "un-asserted" because Plaintiffs initiated this action prior to the entry of a final judgment against the Insureds in the underlying state case, and because Plaintiffs did not include a specific request for monetary relief in their Complaint. ECF No. 122 at 1–2. Second, Lancet argues that the claim for damages is preempted by the Liability Risk Retention Act, 15 U.S.C. § 1309 *et seq.* (the "LRRA"). Third, and in the alternative, Lancet argues that if damages are part of this Court's declaratory relief, Lancet's overall exposure should be limited to $1 million total because

---

[2]     10% per annum interest is the applicable rate under Maryland law. Md. Code Ann., Cts. & Jud. Proc., § 11-107(a) (West 2018). Money judgments bear interest at the rate prescribed by law from the date of the judgment's entry, by operation of law. Md. R. 2-604; *see Accubid Excavation, Inc. v. Kennedy Contractors, Inc.*, 188 Md. App. 214, 240–41 (Md. Ct. Special App. 2009); *Cohn v. Freeman*, 169 Md. App. 255, 258, 263–65, 274 (Md. Ct. Special App. 2006) (after judgment granted in the amount of $151,308 and pre-judgment interest, court determined that post-judgment interest accrued from the date judgment was entered); *id.* at 269 (discussing a case in which neither pre- nor post-judgment interest had explicitly been authorized; plaintiff was not entitled to pre-judgment interest but was entitled to post-judgment interest).

the policy it issued to the Insureds is a "Defense Costs Inclusive" policy. The Court discusses each argument in turn.

### A. Defective and Un-Asserted Claim

Lancet argues that the Court lacks authority to award damages to Plaintiffs because Plaintiffs' pleadings "do not seek it," and because Plaintiffs could not obtain such relief prior to August 16, 2016, when the state court judgment in the underlying medical malpractice suit became final. ECF No. 122 at 1–2. This argument fails. At the outset, it bears noting that after judgment became final in the state-court action, Plaintiffs requested leave to file a Second Amended Complaint in this action to identify with precision the monetary relief sought. *See* ECF No. 93. The Court denied leave to file this amendment in part because Lancet *agreed* on the record that Plaintiffs' failure to request the specific monetary relief in their Amended Complaint did not preclude Plaintiffs from seeking monetary damages if Plaintiffs prevailed in this declaratory judgment action. *See* ECF No. 107 at 2. Ostensibly, Lancet agreed because it recognized that under Declaratory Judgment Act, a Court may award monetary relief as appropriate, even if not demanded in the complaint. *See Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 851–52 (4th Cir. 1992) (relief granted under Declaratory Judgment Act does not need to have been demanded or even proved; "[t]he district court clearly had the power to hear the issue of damages after deciding the issue of liability and declaring the parties' rights in an equity action."); *Allstate Ins. Co. v. Guar. Ins. Exch. of Kansas City*, 208 F. Supp. 542, 544 (W.D.S.C. 1962) (grant of power in 28 U.S.C. § 2202 "is broad enough to vest the district court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceedings"); 28 U.S.C. § 2202.

Lancet cannot now argue that Plaintiffs are precluded from receiving monetary relief because they failed to amend their complaint to include a specific monetary demand.

Moreover, as Plaintiffs point out, Lancet removed this case from Montgomery County Circuit Court to this Court, thus invoking this Court's jurisdiction under the Federal Declaratory Judgment Act.  *See* ECF No. 1; *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013) ("We treat a state court declaratory action that is removed as invoking the Federal Declaratory Judgment Act."); *Alban Waste, LLC v. CSX Transp., Inc.*, 9 F. Supp. 3d 618, 620 (D. Md. 2014).  At no point did Lancet move to dismiss this action, nor did Lancet argue in advance of trial that Plaintiffs could not prevail because a final judgment had not been rendered in the state-court action.  Instead, Lancet pursued counterclaims under the Federal Declaratory Judgment Act, seeking a declaration from this Court that it was not obligated to provide coverage under its policy for the claims asserted in the underlying state-court judgment.  ECF No. 22 ¶¶ 6, 37.  Lancet thus availed itself of this Court's jurisdiction, and indeed invited this Court to declare the parties' responsibilities under the pertinent policy.   The relief now contemplated is a further declaration of the "rights and other legal relations" of Plaintiffs and Lancet.  28 U.S.C. § 2201(a).  In this instance, the relevant declaration is the extent to which Lancet has indemnified the Insureds and therefore must satisfy the state-court medical malpractice judgment entered against them.

**B.  LRRA Preemption**

Lancet next argues that the LRRA preempts "any application of Maryland statutory or common law in a manner that permits a tort claimant the right to pursue a risk retention group directly for damages," and claims that because this case constitutes this very kind of "direct action," it is preempted.  ECF No. 122 at 2.  Once again, the Court disagrees.

4

The LRRA preempts *state* laws that "make unlawful, or regulate, directly or indirectly, the operation of a risk retention group."[3] 15 U.S.C. § 3902(a)(1); *see Soyoola v. Oceanus Ins. Co.*, 986 F. Supp. 2d 695, 701–02 (S.D.W. Va. 2013) (preemption occurs when federal regulations leave no room for states to supplement it; LRRA is intended to allow risk retention groups to provide nationwide insurance coverage by subjecting it only to one set of licensing requirements and one set of regulations). Lancet points this Court to *Wadsworth v. Allied Professionals Insurance Co.*, 748 F.3d 100 (2d Cir. 2014), in support of its position. *Wadsworth* is inapposite. There, a direct action proceeded pursuant to New York statutory law which expressly provided that "[i]n derogation of the common law" an injured party is vested with "a substantive right" to bring claims "against a tortfeasor's insurer." *Id.* at 104. Because this provision amounted to state law regulating risk retention groups, the United States Court of Appeals for the Second Circuit found that the law was preempted by the LRRA. *Id.* at 105–08.

Here, by contrast, Plaintiffs' claim for relief arises under the Federal Declaratory Judgment Act. Plaintiffs sought a declaration that under the policy Lancet issued, Lancet was obligated to provide coverage to the Insureds for the claims in Plaintiffs' medical malpractice action. Lancet, in response, sought a declaration that its policy excluded coverage for the medical malpractice action because the Insureds' failure to cooperate prejudiced Lancet's ability to defend against it. In that respect, this action amounts to a straightforward application of the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a); *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (declaratory judgment is appropriate when it will serve a useful purpose in clarifying and settling legal relations in issue and afford relief from the uncertainty and controversy giving rise to the proceeding). The LRRA, in short, does not preclude an action pursued under the Declaratory Judgment Act, even one involving damages.

---

[3] The LRRA does not preempt the laws of the state in which the group is chartered.

## C. Defense Costs Inclusive

Finally, Lancet argues that any damages for which it would be liable must be capped at $1 million, the limit of liability applicable to a "claim" under its policy. Lancet relies more particularly on a "defense costs inclusive" provision in its policy which, in Lancet's view, bars any post-judgment interest that exceeds the $1 million policy cap. ECF No. 122 at 2–4; *see* ECF No. 22-1 at 14.

Although Lancet's policy includes defense costs within the amount of a "claim," the policy also explicitly provides for post-judgment interest as a payment *supplemental* to a claim, rather than as a defense cost subject to the claim limit. *Compare* ECF No. 22-1 at 17 (defining defense costs) *with* ECF No. 22-1 at 39 (defining supplemental payments to include "[a]ll interest on the *full amount of any judgment* that accrues after the entry of judgment and before we have paid, offered to pay, or deposited in court *the part of the judgment* that is within the applicable Limits of Liability" (emphases added)). Therefore, post-judgment interest is not a defense cost subject to the claim limit.

As Plaintiffs rightly point out, insurance contracts often expressly contemplate payment of post-judgment interest in this manner. *See U.S. Fire Ins. Co. v. Nationwide Mut. Ins. Co.*, 735 F. Supp. 1320, 1326 (E.D.N.C. 1990) (discussing the standard interest clause); *Fratus v. Republic Western Ins. Co.*, 147 F.3d 25, 29 (1st Cir. 1998) ("[T]he clear majority of modern courts that have interpreted a standard interest clause . . . have concluded that the policies mean what they say."); *Md. Cas. Co. v. Wilkerson*, 210 F.2d 245, 246 (4th Cir. 1954). This is to incentivize timely and full payment on judgments and minimize frivolous appeals. *See Brinn v. Tidewater Transp. Dist. Com'n*, 113 F. Supp. 2d 935, 938 (E.D. Va. 2000) (discussing purposes of post-judgment interest on civil judgments). The post-judgment interest provision in Lancet's

policy performs that very function, and the Court will not read this provision out of the policy. Thus, according to the plain language of its own policy, Lancet is liable for post-judgment interest on the full amount of the judgment awarded to Plaintiffs until it pays or offers payment for the amount it owes on the claim, consistent with the terms of its policy.

### III. Damages Calculation

Based on the foregoing, the Court will amend its prior Order in this case to include a declaration that Lancet must satisfy the state-court medical malpractice judgment against the Insureds as provided in the policy it issued to the Insureds. The parties do not dispute that Lancet may deduct its defense costs of $3,159.50 incurred in the state-court action from the $1 million dollar policy limit. Accordingly, the Amended Order in this case will declare that Defendant Lancet Indemnity Risk Retention Group, Inc. is liable to Plaintiffs Claudia Mora, *et al.*, for the judgment issued in the Circuit Court of Montgomery County, Maryland, *Mora v. Advanced Walk-In Urgent Care, LLC*, Case No. 407276-V, against Lancet's Insureds in the amount of $996,840.50. The Amended Order further will reflect that Plaintiffs are entitled to post-judgment interest on the full amount of the state-court judgment against the Insureds, $1,282,048.50, at the rate of 10% per annum, calculated from August 17, 2016, through the date when Lancet pays to Plaintiffs, offers to pay to Plaintiffs, or deposits into court $996,840.50 as required by its policy. The Amended Order follows.

| | |
|---|---|
| 4/17/2018 | /S/ |
| Date | Paula Xinis<br>United States District Judge |